### B. Schwinger & Company, Defendant in Error, v. George Redman, trading as G. Redman & Company, Plaintiff in Error.

### Gen. No. 19,680. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 25, 1914.

### Statement of the Case.

Writ of error to reverse a judgment recovered by B. Schwinger & Company, a corporation, against George Redman, trading as G. Redman & Company. The only point made by plaintiff in error is that the court erred in refusing to strike certain depositions

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

from the record and in permitting such depositions to be read to the jury.

The objection to the depositions is that they were not accompanied by a certificate of the official character of the notary, as required by section 30 of the statute on "Depositions." (J. & A. ¶ 5547.) The depositions in question were taken under a stipulation which provided that they could be taken before "Albert Edward Maves, a Notary Public in and for the County and State of New York (or before any other person in said county and State qualified by the laws of Illinois.)" It was further agreed that said depositions might be read on the trial of the cause "free from objections, based upon the form or method of said notary's, officer's or commissioner's return on, or of, said depositions, except the certificate of magistracy." Depositions were taken before the notary public named in the stipulation who signs as a notary public and affixes his notarial seal.

E. C. WOOD and WILLIAM GILLESPIE, for plaintiff in error.

LIPSON & LEVY, for defendant in error; SYLVANUS GEORGE LEVY and ISAAC B. LIPSON, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. DEPOSITIONS, 3*—*when official capacity of person taking immaterial.* Where a commission is directed to a person named to take deposition, such person derives his authority from the appointment, which carries with it all the powers necessary to execute the commission, including the power to administer oaths to witnesses, and his official capacity is immaterial.

2. DEPOSITIONS, § 18*—*when stipulation does not require the affixing of certificate of magistracy.* Where depositions are taken under a stipulation that they could be taken before a certain person, or before any other person qualified by the law of Illinois, *held* that a further agreement in the stipulation that the depositions may be read free from objections "except the certificate of magistracy"

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

means that the certificate of magistracy should be affixed only if the deposition be, taken before any other person qualified by the laws of Illinois than the particular person named.

3. DEPOSITIONS, § 40*—*when objection to form comes too late.* Where depositions are taken on January 3rd and filed in court January 20th and remain on file until May 8th, the time of the trial, *held* that an objection to the form of the depositions came too late after the jury had been sworn to try the issues.